FILED
 2010 Sep-03 AM 10:39
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **KATRENIA KIER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Civil Action No. CV-10-S-29-NE** |
| ) | |
| **SOUTHTRUST MORTGAGE** ) | |
| **CORPORATION and CHASE** ) | |
| **BANK, N.A.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Katrenia Kier, who is proceeding *pro se,* filed this case on January 7, 2010.[1] She filed an "Amend [sic] Complaint for Permanent Injunction and Other Equitable Relief" on July 20, 2010, asserting claims against defendants SouthTrust Mortgage Corporation ("SouthTrust") and Chase Bank, N.A., a division of JP Morgan Chase N.A. ("Chase").[2] The case currently is before the court on the motion filed by Wells Fargo Bank, N.A. ("Wells Fargo"), the successor in interest to SouthTrust, to dismiss all of plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon consideration of the motion, the pleadings, and the briefs, the court concludes the motion is due to be granted.

---

[1] *See* doc. no. 1 (Complaint).

[2] Doc. no. 14.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[3] This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp.*

---

[3] In full text, Rule 12(b) provides that:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> > (1) lack of subject-matter jurisdiction;
> >
> > (2) lack of personal jurisdiction;
> >
> > (3) improper venue;
> >
> > (4) insufficient process;
> >
> > (5) insufficient service of process;
> >
> > (6) failure to state a claim upon which relief can be granted; and
> >
> > (7) failure to join a party under Rule 19.
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Fed. R. Civ. P. 12(b).

*v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. —, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.
>
> To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives

a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.*

*Ashcroft*, 556 U.S. at —, 129 S. Ct. at 1949-50 (emphasis added).

## II. ALLEGATIONS OF PLAINTIFF'S AMENDED COMPLAINT

On November 24, 1993, plaintiff obtained loan # 2645027 from SouthTrust in the amount of $155,000, for the purpose of refinancing real property located at 5103 Colemont Drive in Huntsville, Alabama.[4] The loan is "apart [sic] of a pool of securities that have been sold for investment on [W]all Street," and "has been transferred several times to several servicing Companies."[5] The loan currently is being serviced by Chase Bank.[6]

---

[4] Doc. no. 14 (Amended Complaint), at 1-2.
[5] *Id.* at 2.
[6] *Id.*

Plaintiff alleges that she did not receive "all closing documents" required by the Truth In Lending Act prior to the closing on the loan.[7]  She also did not receive "ET Regulation Z early disclosure Statements," a "Special Information Booklet, containing consumer information," a "Controlled Business Arrangement Disclosure," the "notices of Cancellation," the "preliminary Disclosures . . . to price," or other "necessary material disclosures."[8]  Furthermore, plaintiff did not receive notice at least fifteen days prior to the transfer of the loan to Chase Bank.[9]

Plaintiff mailed a series of what she calls "rescision letters" to SouthTrust, Chase, and "All Other Mortgagors on this Property" on or about December 28, 2009, January 4, 2010, and two other unspecified dates.[10]  Plaintiff alleges that

> This loan should be rescinded as per TILA 15 U.S.C. (b); Reg Z §§ 226.15(d)(1), 226.23(d)(1).  §§ 226.15 and 226.23.  Predatory Lending Practice 15 U.S.C., and UCC Article 3 § 3-202 and Article 3 § 3-305.  The rescission is valid pursuant to the Uniform Commercial Code.  The rescission is also valid under the Truth-in-lending act [sic], § 1602(a)(1)(A); Reg Z § 226.32(a)(I).  The Rescission is valid under The Home Owners Equity Protection Act ("HOEPA"), and U.S. Treasury Regulations "Z" (Reg Z) and the legal effects of a Rescission under these statutes.
>
> The TILA Rescission Notice and the UCC Rescission,

---

[7] *Id.* It is unclear whether plaintiff refers here to the closing of the original loan, or to any of the subsequent transfers.

[8] *Id.*

[9] *Id.*

[10] *See* exhibits to the Amended Complaint.

AUTOMATICALLY RENDERED THE TRUST DEEDS VOID BY OPERATION OF LAW.  SouthTrust Bank and Chase Bank N.A. have charged excessive fees, and have failed to give an accounting of all payments received when requested in writing as Required by law. Pursuant to RESPA.[11]

Plaintiff also alleges that she has "asked that the Note Holder show proof by Original promissory note as [t]o whom the real holder in due course is."[12]  She further states that

> defendants purport these documents to be loan documents when they are in fact investment contracts created for the sole purpose of pooling, depositing and servicing between the Defendants.  Therefore the instrument (Promissory Note) is considered a security and is in violation of the Alabama Code.  There are restrictions on sales of securities.[13]

In a section of her Amended Complaint entitled "Statement of Claim," plaintiff states that she "has been violated by the Defendants['] deliberate failure to give her all the necessary disclosures and by the excessive fees charged during the closing and Servicing of this loan."[14]  She claims that she

> has suffered, and will continue to suffer, substantial injury as a result of the defendant's violations of law.  A claim was sent to the defendants in the form of a QWR, validation letter, and a rescission letter.  The defendants were indeed Aware of plaintiff's concerns and they could have tried to satisfy the plaintiff's claim.[15]

---

[11] Amended Complaint, at 3.

[12] *Id.*

[13] *Id.* at 3-4.

[14] *Id.* at 5.

[15] *Id.* at 4-5.

As relief for her claims, plaintiff requests the court to:

    (a)    Enter judgment against defendants and in favor of plaintiff for Each Violation charged in the complaint.

    (b)    Permanently enjoin and restrain defendants from violating § TILA [sic], Regulation Z, and RESPA in any way where Mrs. Kier is Concerned.

    (c)    Find the defendants jointly and severally liable for redress to the Plaintiff, Who has been injured as a result of the defendants' violations of 5(c) of The FTC Act, the TILA and Regulation Z, and, award such relief as the Court Deems necessary to prevent enrichment and to redress borrower's injury resulting from Violations of 5(a) of the FTC Act, the TILA and Regulation Z, the ECOA'S, UCC, Regulation B, and the FCRA, including, but not limited to Rescission or Reformation of contract, the refund of monies paid, and disgorgement of ill-Gotten gains.

    That the above requested damages be assets [sic]:

    (d)    For violation of the TILA Act;

    (e)    Punitive damages for harassment, emotional distress and displacement. . . $50,000.00[;]

    (f)    Plaintiff also, [sic] seeks statutory damages and equitable damages (as the Court deems fair.)[;]

    (g)    That the plaintiff is awarded special damages of $50,000.00[;]

    (h)    And that three times the amount set by TILA for violations, and UCC Award plaintiff her cost to bring this action, as well as such other additional Equitable relief as the Court determines to be just and proper.[16]

---

[16] *Id.* at 5-6.

### III. DISCUSSION

While plaintiff's Amended Complaint is somewhat difficult to decipher, it appears that she intended to assert claims pursuant to the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; "Regulation Z," the federal regulatory provisions implementing TILA, 12 C.F.R. Part 226; the federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; and, the federal Home Owners Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639. Wells Fargo has moved for the dismissal, on various grounds, of all of plaintiff's claims. Plaintiff failed to respond to defendant's motion, despite being ordered to do so by the court.[17]

The court will address each of plaintiff's claims in turn.

### A.     TILA and HOEPA Damages Claims

Section 1640(e) of TILA provides, in pertinent part, that "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . . ." 15 U.S.C. § 1640(e). Because HOEPA is an amendment of TILA, the one-year statute of limitations also applies to claims for damages under HOEPA. *See Dixon v. Countrywide Home Loans, Inc.,* — F. Supp. — , No. 10-80216-CIV, 2010 WL 1838658, at *3 (S.D. Fla. May 7, 2010) ("To the extent Plaintiff's HOEPA claim is a

---

[17] *See* margin order entered on August 13, 2010, requiring plaintiff to respond to the motion to dismiss on or before August 27, 2010.

non-rescission claim, such a claim is dismissed with prejudice as being time barred by the one-year statute of limitation.") (citing *Thielen v. GMAC Mortgage Corp.*, 671 F. Supp.2d 947, 953 (E.D. Mich. 2009) ("TILA's one-year statute of limitations, codified at 15 U.S.C. § 1640(e), also applies to HOEPA claims.")).  The best the court can discern, plaintiff is complaining of TILA and HOEPA violations that occurred when her loan closed in 1993.  She did not bring suit until January of 2010.  Consequently, any claims for damages pursuant to either TILA or HOEPA are time-barred.

**B.     TILA and HOEPA Rescission Claims**

Claimant also seeks rescission of her loan pursuant to TILA and HOEPA. "Under the Truth in Lending Act, . . . when a loan made in a consumer credit transaction is secured by the borrower's principal dwelling, the borrower may rescind the loan agreement if the lender fails to deliver certain forms or to disclose important terms accurately." *Beach v. Ocwen Federal Bank,* 523 U.S. 410, 411 (1998) (citing 15 U.S.C. § 1635).  Section 1635 (f) of TILA provides that

> [a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . . .

15 U.S.C. § 1635(f).  The Supreme Court has held that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period." *Beach,* 523 U.S.

at 412. More than three years have passed since plaintiff closed on the loan in 1993. Accordingly, her claims for rescission under TILA and HOEPA are time-barred.

## C.     Regulation Z Claim

Regulation Z is not an independent statute, but merely a body of federal regulations created for the purpose of implementing TILA. Any claims asserted under Regulation Z would be considered as part of plaintiff's TILA claim. Therefore, any such claims also would be barred by the TILA statute of limitations.

## D.     RESPA Claim

Plaintiff appears to make the following claims against SouthTrust under RESPA: (1) that SouthTrust failed to give her a "Special Information Booklet, containing consumer information," as required by 12 U.S.C. § 2604;[18] (2) that SouthTrust failed to give her a "Controlled Business Arrangement Disclosure," as

---

[18] Section 2604(a) provides that "[t]he Secretary shall prepare and distribute booklets to help persons borrowing money to finance the purchase of residential real estate better to understand the nature and costs of real estate settlement services. The Secretary shall distribute such booklets to all lenders which make federally related mortgage loans." 12 U.S.C. § 2604(a). Section 2604(d) states:

> Each lender referred to in subsection (a) of this section shall provide the booklet described in such subsection to each person from whom it receives or for whom it prepares a written application to borrow money to finance the purchase of residential real estate. Such booklet shall be provided by delivering it or placing it in the mail not later than 3 business days after the lender receives the application, but no booklet need be provided if the lender denies the application for credit before the end of the 3-day period.

12 U.S.C. § 2604(d).

required by 12 U.S.C. § 2607(c)(4);[19] (3) that SouthTrust failed to give her at least fifteen (15) days' notice before transferring her loan to another servicing company, as required by 12 U.S.C. § 2605(b);[20] (4) that SouthTrust failed to "give an accounting of all payments received when requested in writing," as required by 12 U.S.C. § 2605(e);[21] and, (5) that SouthTrust charged "excessive fees," presumably in violation

---

[19] Section 2607 generally prohibits the acceptance of "any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. § 2607(a). An exception exists for an

> affiliated business arrangement[] so long as (A) a disclosure is made of the existence of such an arrangement to the person being referred and, in connection with such referral, such person is provided a written estimate of the charge or range of charges generally made by the provider to which the person is referred . . . , (B) such person is not required to use any particular provider of settlement services, and (C) the only thing of value that is received from the arrangement, other than the payments permitted under this subsection, is a return on the ownership interest or franchise relationship.

12 U.S.C. § 2607(c).

[20] Section 2605(b) provides, in pertinent part, that "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." 12 U.S.C. § 2605(b)(1). This notice "shall be made to the borrower not less than 15 days before the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made). 12 U.S.C. § 2605(b)(2)(A).

[21] Section 2605(e) provides, in pertinent part, that

> [i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

12 U.S.C. § 2605(e)(1)(A). The servicer must take action on the request within sixty days. *See* 12 U.S.C. § 2605(e)(2).

of 12 U.S.C. § 2607 or 12 U.S.C. § 2610.[22]

To the extent plaintiff relies upon § 2604 or § 2610, her claim must fail because those statutes do not provide a private right of action. *See Collins v. FMHA-USDA*, 105 F.3d 1366, 1368 (11th Cir. 1997) ("Where, as here, neither the statute nor the legislative history reveals a congressional intent to create a private cause of action, and actually indicate that Congress intended not to provide such a remedy, . . . we hold that the district court did not err in dismissing Collins' RESPA claim, because there is no private civil action for a violation of 12 U.S.C. § 2604(c), or any regulations relating to it."); *Dixon*, 2010 WL 1838658, at * 3 ("Plaintiff's RESPA claim in count VI fails as a matter of law since Defendant is correct that Section 2604 (which requires the provision of the Good Faith Estimate and the HUD special information booklet) does not provide a private cause of action.") (citing *Bedasee v. Fremont Investment & Loan*, No. 09-111-Ftm-29SPC, 2010 WL 98996, at *2 (M.D. Fla. Jan. 6, 2010) (in turn citing

---

[22] Section 2607 allows fees and other compensation to be paid to attorneys, title companies, employees and other agents of lenders. 12 U.S.C. § 2607(c). Section 2610 provides:

> No fee shall be imposed or charge made upon any other person (as a part of settlement costs or otherwise) by a lender in connection with a federally related mortgage loan made by it (or a loan for the purchase of a mobile home), or by a servicer (as the term is defined under section 2605(I) of this title), for or on account of the preparation and submission by such lender or servicer of the statement or statements required (in connection with such loan) by sections 2603 and 2609(c) of this title or by the Truth in Lending Act [15 U.S.C.A. § 1601 et seq.].

12 U.S.C. § 2610 (bracketed alteration in original).

*Collins*, 105 F.3d at 1368)).

To the extent plaintiff relies upon § 2605 or § 2607, her claims are prohibited by the statute of limitations.  According to § 2614,

> [a]ny action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought . . . within 3 years in the case of a violation of section 2605 of this title, and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation . . . .

12 U.S.C. § 2614.  The statute of limitations under § 2614 begins to accrue at the closing of the loan.  *See, e.g., Snow v. First American Title Insurance Co.,* 332 F.3d 356, 359 (5th Cir. 2003) ("The phrase 'the date of the occurrence of the violation' refers to the closing . . . .").  The closing of plaintiff's loan occurred in 1993, and she did not file suit until January of 2010, much more than either one or three years later.  Accordingly, her claims under 12 U.S.C. §§ 2605 and 2607 are time-barred.

**E.     Other Potential Claims**

Claimant makes passing mention in her Amended Complaint of claims for violations of the federal Uniform Commercial Code and the Alabama Code.[23]  These claims are undeveloped and unsupported by any factual basis.  The court can discern

---

[23] *See, e.g.,* Amended Complaint, at 3 ("This loan should be rescinded as per . . . UCC Article 3 § 3-202 and Article 3 § 3-305.  The rescission is valid pursuant to the Uniform Commercial Code.  . . . .   The . . . UCC Rescission, AUTOMATICALLY RENDERED THE TRUST DEEDS VOID BY OPERATION OF LAW.") (emphasis in original); *see also id.* at 3-4 ("Therefore the instrument (Promissory Note) is considered a security and is in violation of the Alabama Code.  There are restrictions on sales of securities.").

no basis upon which relief could be granted on these claims, and they consequently are due to be dismissed.

## IV. CONCLUSION AND ORDERS

In accordance with the foregoing, it is ORDERED that the motion to dismiss by defendant Wells Fargo is GRANTED, and all claims asserted by plaintiff against Wells Fargo are DISMISSED with prejudice.

DONE this 3rd day of September, 2010.

_____
United States District Judge